IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WOODSTREAM CORPORATION<br>29 East King Street<br>Lancaster, Pennsylvania 17602<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATURE'S WAY BIRD PRODUCTS, LLC,<br>9054 East Washington Street<br>Chagrin Falls, OH 44023<br><br>NATURE'S WAY BIRD PRODUCTS, LLC<br>c/o KF Statutory Service Corp.<br>1111 Superior Avenue, East, Suite 1360<br>Cleveland, OH 44114<br><br>　　　　　　　Defendant. | Civil Action No.<br><br>VERIFIED COMPLAINT<br><br>(Jury demand endorsed hereon) |

Plaintiff Woodstream Corporation, ("Plaintiff" or "Woodstream") by and through its attorneys, for its Complaint against defendant Nature's Way Bird Products, LLC ("Defendant" or "NW") alleges as follows:

### Preliminary Statement

1.　　This is an action for patent infringement arising under the laws of the United States. Title 35, United States Code.

### Jurisdiction and Venue

2.　　This Court has jurisdiction over the subject matter under the provisions of 28 U.S.C. §§ 1331 and 1338(a).

3.　　Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

## Parties

4. Woodstream is a Pennsylvania corporation, with a principal place of business at 29 E. King Street, Lancaster, PA 17602.

5. Upon information and belief, NW is an Ohio limited liability company with a principal place of business 9054 E. Washington St., Chagrin Falls, OH 44023.

## Facts

6. Woodstream is a recognized world leader in the bird feeding industry, providing functional and innovative birdfeeders and accessories sold under its Perky-Pet® brand.

7. As a result of its innovations, Woodstream has been awarded a number of United States patents including but not limited to U.S. Patent 11,147,246 (the "'246 Patent") and U.S. Patent 11,033,007 (the "'007 Patent").

8. Woodstream is the owner of the entire right, title and interest, in and to the '246 Patent, a copy of which is attached hereto, made a part hereof, and marked Exhibit A.

9. Woodstream is the owner of the entire right, title and interest, in and to the '007 Patent, a copy of which is attached hereto, made a part hereof, and marked Exhibit B.

10. Upon information and belief, NW has been making, using and or selling Artisan Gravity Hummingbird Feeder Model No. WWAGF3 and its MJF1 Mason Jar Hummingbird Feeder ("NW Feeders"). These products are shown in Exhibit C.

11. By way of illustration, the stark similarities between the Woodstream patented invention and one of the NW Feeders can be seen below with further detailed comparisons of both patents to both of the NW Feeders in Exhibit D.



12. On September 21, 2022, Woodstream, by its attorneys sent notice to NW of infringement of the '007 and '246 patents by the NW Feeders via a letter to Mr. Keith Moone, Chief Executive Officer, Nature's Way Bird Products. That letter demanded that NW cease and desist from all further manufacture, sale, offer for sale and importation of the NW Feeders, and any other Nature's Way Bird Products incorporating similar features.

13. NW's attorney, Ronald M. Kachmarik, Esq. replied with a request to more specifically identify the NW products accused of infringement.

14. In response, on October 3, 2022, Woodstream's attorneys sent NW's attorney the claim charts attached here as Exhibit D detailing the how each of the NW Feeders literally infringe at least claim 11 of the '246 and claim 1 of the '007 patent, with a repeated demand that NW cease and desist from all further manufacture, sale, offer for sale and importation of the infringing NW Feeders, and any other NW products incorporating similar features.

15. Since that time, Woodstream's attorneys and NW's attorney have exchanged several letters, emails, and have participated in a call and a virtual face-to-face meeting regarding the '246 and '007 patents and the NW Feeders.

16. Woodstream believes that there may be additional NW products infringing the '246 and '007 patents and is investigating those products.

17. Woodstream's counsel repeatedly requested that NW provide specific information substantiating its assertions of non-infringement and claim interpretation. The responses Woodstream has received however have been nothing more than conclusory unsupported statements regarding, non-infringement, claim interpretation, and other unsupported assertions.

18. NW has not indicated any willingness to cease and desist making, using or selling the infringing NW Feeders.

19. Having spent three months in fruitless efforts to resolve the matter and delay tactics by NW, Woodstream must resort to judicial process to abate the infringement.

## COUNT I

## Infringement of U.S. Patent No. 11,147,246

20. Paragraphs 1-19 are incorporated herein by reference.

21. Upon information and belief, NW has made, imported, used, offered to sell, sold and may now or in the future make, use and/or sell, in the United States and in Ohio, an invention described and claimed by the '246 Patent, with the manufacture and sale of at least its NW Feeders.  These products are shown in Exhibit C.

22. NW's activities in connection with the above-identified acts constitute infringement of Woodstream's '246 Patent pursuant to the provisions of 35 U.S.C. § 1, *et seq.*

23. NW has infringed the '246 Patent by, *inter alia,* making, importing, using, offering to sell and selling in the United States the invention described and claimed in the '246 Patent without the authority or approval of Woodstream.

24. NW is liable for direct infringement, contributory infringement and inducing infringement of Woodstream's '246 Patent pursuant to 35 U.S.C. § 271.

25. Upon information and belief, the infringing activities of NW have been deliberate, knowing, and willful.

26. Upon information and belief, NW will continue to infringe the '246 Patent to Woodstream's irreparable injury and other damage unless enjoined by the Court.  Woodstream has no adequate remedy at law.

## COUNT II

### Infringement of U.S. Patent No. 11,033,007

27. Paragraphs 1-19 are incorporated herein by reference.

28. Upon information and belief, NW has made, imported, used, offered to sell, sold and may now or in the future make, use and/or sell, in the United States and in Ohio, an

invention described and claimed by the '007 Patent, with the manufacture and sale of at least its NW Feeders shown in Exhibit C.

29. NW's activities in connection with the above-identified acts constitute infringement of Woodstream's '007 Patent pursuant to the provisions of 35 U.S.C. § 1, *et seq.*

30. NW has infringed Woodstream's '007 Patent by, *inter alia,* making, importing, using, offering to sell and selling in the United States the invention described and claimed in the '007 Patent without the authority or approval of Woodstream.

31. NW is liable for direct infringement, contributory infringement and inducing infringement of Woodstream's '007 Patent pursuant to 35 U.S.C. § 271.

32. Upon information and belief, the infringing activities of NW have been deliberate, knowing, and willful.

33. Upon information and belief, NW will continue to infringe the '007 Patent to Woodstream's irreparable injury and other damage unless enjoined by the Court. Woodstream has no adequate remedy at law.

## **Prayer for Relief**

Wherefore, Woodstream demands the following relief with respect to U.S. Patent Nos. 11,147,246 and 11,033,007.

    a.     This Court enter a judgment that NW, has infringed U.S. Patent No. 11,147,246;

    b.     This Court enter a judgment that NW, has infringed U.S. Patent No. 11,033,007;

    c.    That NW, their successors, privies and all through or under them and all those acting for them or on their behalf, be preliminarily and thereafter permanently enjoined from infringing U.S. Patent No. 11,147,246;

    d.    That NW, their successors, privies and all through or under them and all those acting for them or on their behalf, be preliminarily and thereafter permanently enjoined from infringing U.S. Patent No. 11,033,007;

    e.    That NW be required to account to Woodstream for all damages suffered by Woodstream resulting from the infringement of U.S. Patent No. 11,147,246, and that the recovered damages be trebled because of the willful nature of the infringement, in an amount exceeding $75,000;

    f.    That NW be required to account to Woodstream for all damages suffered by Woodstream resulting from the infringement of U.S. Patent No. 11,033,007, and that the recovered damages be trebled because of the willful nature of the infringement, in an amount exceeding $75,000; and,

    g.    That Woodstream be granted such other and further relief which this Court may seem just and proper, together with the costs and disbursements of this action, including attorney's fees.

        Respectfully submitted,

Dated: 02/15/2023

        MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN

        By: */s/Keith Hansbrough*
        KEITH HANSBROUGH (0072671)
        JILLIAN L. DINEHART (0086993)
        127 Public Square, Suite 3510
        Cleveland, Ohio 44114
        Phone: 216.912.3800 / Fax: 216.344.9006
        Email: kkhansbrough@mdwcg.com
                jldinehart@mdwcg.com
        *Attorneys for Plaintiff Woodstream, LLC*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial on all issues so triable.

Dated: 02/15/2023 .

        MARSHALL DENNEHEY WARNER
        COLEMAN & GOGGIN

        By: */s/Keith Hansbrough*
        KEITH HANSBROUGH (0072671)
        *Attorneys for Plaintiff Woodstream, LLC*