UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| WOODSTREAM CORPORATION, | : | CASE NO. 1:23-cv-294 |
| | : | OPINION & ORDER |
| Plaintiff, | : | [Resolving Doc. 42, 43] |
| | : | |
| v. | : | |
| | : | |
| NATURE'S WAY BIRD PRODUCTS, LLC, | : | |
| | : | |
| Defendant. | | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

In this patent infringement matter, Plaintiff Woodstream Corporation moved for a stipulated entry of a protected order.[1] Defendant Nature's Way moved for leave to file under seal its *Markham* response brief and accompanying exhibits, pursuant to the stipulated protective order.[2] Both parties subsequently filed *Markham* briefs with redacted materials.[3]

The Sixth Circuit applies a strong presumption in favor of public access to court records.[4] The burden of overcoming that presumption is borne by the party that seeks to seal the records.[5] This party must show that "disclosure will work a clearly defined and serious injury."[6] Only "'trade secrets, information covered by a recognized privilege . . . and information required by statute to be maintained in confidence . . .' is typically enough

---

[1] Doc. 42.
[2] Doc. 43.
[3] Doc. 44, 45.
[4] *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).
[5] *Id.*
[6] *Id.* at 307 (citing *In re Cedent Corp.*, 260 F.3d 183, 194 (6th Cir. 1983)).

Case No. 1:23-cv-294
GWIN, J.

to overcome the presumption of access."[7] In light of this standard, the scope of Plaintiff's proposed protective order is overbroad.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for a protective order, with the modifications described in the attached order. The Court **ORDERS** the Parties to refile the unredacted versions of their *Markham* briefs under seal. The Court further **ORDERS** Defendants to file an explanation with the Court by **September 11, 2023** why the material redacted in the parties' *Markham* briefs is a trade secret and, if relevant to the Court's decision, why the redacted material shouldn't be placed on the Court's open docket.

IT IS SO ORDERED.

Dated: September 7, 2023      *s/      James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at 308 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).

- 2 -