UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| WOODSTREAM CORP., | CASE NO. 1:23-cv-294 |
| Plaintiff, | ORDER |
| | [Resolving Doc. 50, 51] |
| v. | |
| NATURE'S WAY BIRD PRODUCTS, LLC | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Woodstream Corporation ("Woodstream") brings patent infringement claims against rival Defendant Nature's Way Bird Products LLC ("Nature's Way") concerning two of its hummingbird feeder patents.[1] Plaintiff Woodstream asserts that a document used in its and Defendant's respective responsive claim construction briefs contains trade secrets.[2] Woodstream moves the Court to file that document under seal, pursuant to the parties' protective order.[3]

For the following reasons, the Court **DENIES** Plaintiff Woodstream's motion to seal the redacted materials in the parties' responsive claim construction briefs and **ORDERS** the parties to refile public, unredacted versions of their responsive claim construction briefs. The Court **ORDERS** that going forward in this case, when a party files a document under seal, it must also file with that document (1) a motion arguing why the document is appropriately filed under seal, and (2) a public, redacted version of the document.

---

[1] Doc. 1 at 2.
[2] *See* Docs. 44, 45.
[3] Doc. 55.

Case No. 1:23-cv-294
GWIN, J.

## I. BACKGROUND

On September 1, 2023, Plaintiff Woodstream filed a stipulated motion for a protective order.[4] That day, Defendant Nature's Way moved for leave to file its responsive claim construction brief under seal.[5] Nature's Way explained that in its brief, it indeed to refer to a document that Woodstream had designated as "Confidential," per the stipulated then-pending protective order.[6]

The document at issue is an email between Woodstream's Product Design Engineering Senior Director Marko Lubic (Lubic), and other Woodstream product and engineering employees. In the email, Lubic discusses three Woodstream patents relating to its Soft Touch Flowers product, two of which, Patent '246 and '007, are at issue in this case. Lubic gives opinions on those patents' claim interpretations and give opinions on whether Woodstream could make valid patent infringement claims on those patents.

Both parties filed public, redacted versions of their responsive claim construction briefs that referred to Lubic's email.[7]

The Court granted the stipulated protective order, with modifications to narrow the scope of materials the parties may assert are protected.[8] The Court also ordered Defendant Nature's Way to justify why Lubic's email should remain under seal.[9] Plaintiff Woodstream

---

[4] Doc. 42.
[5] Doc. 43.
[6] *Id.* at 1.
[7] *See* Doc. 44, 45.
[8] Doc. 46 at 2; Doc. 46-1 at 2.
[9] Doc. 46 at 2. In its response to the Court's order, Nature's Way asserted that it did not believe that the information filed under seal is a trade secret or properly designated as "Confidential" under the protective order. Doc. 51 at 2.

- 2 -

Case No. 1:23-cv-294
GWIN, J.

moved the Court for leave to file an explanation why Lubic's email was appropriately filed under seal, which the Court granted.[10]

Woodstream's motion to file under seal is now before the Court.[11]

## II.  LEGAL STANDARD

The Sixth Circuit distinguishes between secrecy in the context of discovery, that is more permissible, and secrecy in the context of adjudication, "which is generally impermissible due to the 'strong presumption in favor of openness' of court records."[12] The line between the discovery and adjudicative litigation stages "is crossed when the parties place material in the court record."[13] "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'"[14]

Parties that wish to seal records must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored."[15] Those parties "must analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations."[16]

"In civil litigation, only trade secrets, information covered by a recognized privilege . . ., and statutorily protected information are "typically enough to overcome the presumption of access."[17]

---

[10] Doc. 10; Dkt., Sept. 18, 2023.
[11] Doc. 55.
[12] *In re National Prescription Opiate Litigation*, 927 F.3d 919, 938-939 (6th Cir. 2019) (*quoting Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).
[13] *Shane Grp., Inc.*, 825 F.3d at 305.
[14] *Id.* (*citing Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.3d 1165, 1180 (6th Cir. 1983)).
[15] *Kondash v. Kia Motors America, Inc.*, 767 Fed. App'x 635, 637 (6th Cir. 2019) (alteration in original).
[16] *Shane Grp., Inc.*, 825 F.3d at 308.
[17] *Id.* (*quoting Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002)).

Case No. 1:23-cv-294
GWIN, J.

Under Ohio law, a trade secret is defined as:

"information, including . . . any scientific or technical information, design, process, procedure, . . . or any business information or plans . . . that satisfies both of the following: (1) it derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use[; and] (2) [i]t is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."[18]

The Ohio Supreme Court considers six factors in determining whether an item constitutes a trade secret:

"(1) The extent to which information is known outside the business; (2) the extent to which it is known to those inside the business . . . ;(3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information."[19]

### III. DISCUSSION

Lubic's email does not warrant being filed under seal, as the public's interest in a complete judicial record outweighs Woodstream's interest in secrecy.

Lubic's email does not contain trade secrets.[20] Woodstream has not shown how Lubic's opinions on patent scope is a "procedure" or "process" that derives independent economic value from not being known.[21] Although Woodstream states that Lubic's email contains a "roadmap to potentially avoid [patent] infringement on narrow technical margins," that does not render the email economically valuable.[22] Woodstream does not explain any

---

[18] *Id.*, citing R.C. § 1333.61(D)(1)-(2).
[19] *Kondash*, 767 Fed. App'x at 638-39 (*quoting Heartland Home Fin., Inc. v. Allied Home Mortg. Capital Corp.*, 257 Fed App'x 860, 861-62 (6th Cir. 2008)).
[20] Doc. 55 at 3.
[21] *Kondash*, 767 Fed App'x at 639.
[22] Doc. 55 at 3. *See also Kondash*, 767 Fed. App'x at 639 (reports created for litigation-related incident's investigation were not trade secrets); *Baxter Intern., Inc.*, 297 F.3d at 547 (asserted competitive harm did not constitute trade secret).

-4-

Case No. 1:23-cv-294
GWIN, J.

steps it took to keep Lubic's email secret, besides stating its need-to-know nature internal to Woodstream.[23] Nor does Woodstream discuss its efforts to develop Lubic's opinions, or how his opinions relate to Woodstream's business strategy, development, or sales.

The public's interest in "ascertaining what evidence and records" the Court relies on in its decisions outweighs Plaintiff Woodstream's interests in secrecy. Lubic's email is directly relevant to adjudicating Woodstream's patent infringement and claim construction claims. The parties both rely on Lubic's email for their constructions of the terms "annular ribs" and "flower assembly" relevant to Patent '246.[24] The Court will have this evidence publicly available in the record.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff Woodstream's motion to file Lubic's email under seal, and **ORDERS** the parties to refile public, unredacted versions of their responsive claim construction briefs.

The Court **ORDERS** that going forward in this case, when a party files a document under seal, it must also file with that document (1) a motion arguing why the document is appropriately filed under seal and (2) a public, redacted version of the document.

IT IS SO ORDERED.

Dated: September 20, 2023        *s/    James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[23] *See id.*
[24] Doc. 47 at 16, 23; Doc. 48 at 9-11, 16.

- 5 -