UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

_____

|                          | : |                          |
|--------------------------|---|--------------------------|
| WOODSTREAM CORP.,        | : | CASE NO. 1:23-cv-294     |
|                          | : |                          |
| Plaintiff,               | : | ORDER                    |
|                          | : | [Resolving Doc. 54]      |
| v.                       | : |                          |
|                          | : |                          |
| NATURE'S WAY BIRD        | : |                          |
| PRODUCTS, LLC            | : |                          |
|                          | : |                          |
| Defendants.              | : |                          |

_____

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Woodstream Corporation ("Woodstream") moves to stay all proceedings in this case, pending Woodstream's effort to have the United States Patent & Trademark Office ("USPTO") reexamine patents that the USPTO issued to Woodstream and patents that Woodstream sues on in this case.[1]  Defendant Nature's Way Bird Products, LLC (Nature's Way) opposes.[2]  For the following reasons, the Court **DENIES** Plaintiff's motion to stay this case.

## I.    BACKGROUND

On February 15, 2023, Plaintiff Woodstream filed this case against Defendant Nature's Way.[3]  The original complaint alleges that Woodstream owns two patents (the '246 Patent" and the "'007 Patent"), which teach the art of hummingbird feeders with certain

_____

[1] Doc. 54.
[2] Doc. 59.
[3] Doc. 1.

Case No. 1:23-cv-294
GWIN, J.

feeding ports.[4]  Woodstream originally claimed that two Nature's Way hummingbird feeder models infringed at least claim 11 of the '246 Patent and claim 1 of the '007 Patent.[5]

On March 15, 2023, Woodstream filed its first amended complaint, that alleged that an additional twenty Nature's Way hummingbird feeders infringed the '246 and '007 Patents.[6]  After briefing by the parties, the Court granted Woodstream's motion for leave to file a second amended complaint.[7]  In its second amended complaint, Woodstream dropped its claims against thirteen Nature's Way feeder models; leaving nine allegedly infringing models.[8]

On August 8, 2023, Nature's Way answered Woodstream's second amended complaint.[9]  Nature's Way also raised several crossclaims, including tortious interference with business relationships.[10]  With its tortious interference counterclaim, Nature's Way alleges that Woodstream contacted Nature's Way customers and business partners and falsely told them that Woodstream had either obtained or filed an injunction in this case.[11]

On August 28, 2023, the parties filed their respective opening *Markman* claim construction briefs.[12]  On September 7, 2023, the parties filed their respective response claim construction briefs.[13]  On September 12, they filed their joint claim construction statement.[14]

---

[4] Doc. 1-1, PageID #: 9; Doc. 1-2, PageID #: 25.  The patents at issue are No. 11,147,246 (the "'246 Patent") and No. 11,033,007 (the "'007 Patent").
[5] Doc. 1, ¶14.
[6] Doc. 10, ¶11.
[7] Doc. 28, at 6.
[8] Doc. 33, ¶10-11.
[9] Doc. 38.
[10] *Id.*, ¶¶128-139.
[11] *Id.*, ¶133.
[12] *See* Docs.40, 41; Dkt., May 30, 2023.
[13] *See* Docs. 47, 48.  The parties originally filed versions of their responsive brief with materials redacted, per a then-pending protective order's terms.  The Court approved a modified protective order, but denied Woodstream's assertion that the materials warranted filing under seal. See Doc. 56 at 1.  The parties subsequently refiled unredacted versions of their briefs. *See* Docs. 57, 58.
[14] *See* Docs. 52.

Case No. 1:23-cv-294
GWIN, J.

On September 15, 2023, Woodstream moved to stay this action until the USPTO decides whether it will allow reexamination and pending proceedings before the USPTO if the reexamination is allowed.[15]

Woodstream says that a stay is justified because reexamination will potentially simply the issues before the Court, will conserve resources, and will not prejudice Nature's Way.[16] Nature's Way opposes the stay, stating that a stay would be unduly prejudicial and unfairly disadvantageous.[17]

## II.    DISCUSSION

A trial court "is not required to stay judicial resolution in view of [a pending Patent and Trademark Office] reexamination[]."[18]  "A court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."[19]

In evaluating a motion to stay pending a reexamination before the USPTO, courts weigh three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issue in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set."[20]

In this case, the Court finds that the factors weigh against staying the present case.

---

[15] Doc. 54.
[16] Doc. 54-1, PageID # 1005, 1008-1009.
[17] Doc. 59, PageID # 1117.
[18] *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).
[19] *Ohio Envt'l Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977).
[20] *Equipements de Transformation IMAC v. Anheuser-Busch Cos.*, 550 F. Supp. 2d 809, 815 (E.D. Mich. 2008).

Case No. 1:23-cv-294
GWIN, J.

First, a stay would unduly prejudice Nature's Way. If the Court stayed the case, reexamination proceedings would delay Nature's Way's ability to assert its crossclaim for tortious interference of its business relationships.

True, "[c]ourts have recognized [as a general proposition] that where parties are direct competitors, a stay would likely prejudice the [patentee]," here, Woodstream.[21] "This is because the patentee could lose market share—potentially permanently—during the stay . . . [which is] an irreparable injury not easily compensable by money damages."[22]

However, here it is the *patentee* Woodstream who is accused of harmful market conduct, and it is Nature's Way who would be at a disadvantage should the proceedings be stayed. Woodstream does not describe how a stay would not prejudice Nature's Way, save for general statements about efficiency and reduced legal fees.

It is also unlikely that a stay has potential to resolve issues or simplify this case. Even if the USPTO does address some claims, Nature's Way may then relitigate those exact same issues before the Court.[23] In its opposing brief, Nature's Way suggests its intent to do just that,[24] as USPTO reexamination would not consider the prior art that Nature's Way has relied on in its invalidity contentions.[25]

---

[21] *Ravin Crossbows, LLC v. Hunter's Manufacturing Co.*, 2023 WL 4847606, *2 (N.D. Ohio, July 28, 2023) (quotations and citations omitted).
[22] *Id.*.
[23] *See* *eCOMSYSTEMS, Inc. v. Shared Marketing Services, Inc.*, 2011 WL 280942 at *2 (M.D.Fla. Jan.26, 2011) (denying a stay because *"[e]x parte* reexaminations . . . do not bar the requestor from relitigating the exact same issues in district court").
[24] Doc. 58, PageID #: 1119-1120.
[25] See 37 C.F.R. § 1.552.

Case No. 1:23-cv-294
GWIN, J.

"Thus, unless the [US]PTO invalidates all of the patent claims [Nature's Way] has allegedly infringed, there will almost certainly remain issues for this Court to try that the [US]PTO never addressed."[26]

Finally, this request does not come early in the case's timeline.  The parties' claim constructions are fully briefed and await disposition.  The discovery deadline is November 27, 2023, and trial is set for December 2023.[27]  A stay would disrupt the efforts already expended by both parties towards this case's resolution, and thus, this factor also weighs against a stay.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to stay the proceedings.


IT IS SO ORDERED.


Dated: October 3, 2023                                      s/     James S. Gwin
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

---

[26] *A.R. Arena Products, Inc. v. Grayling Industries, Inc.*, No. 5:11-cv-1911, 2012 WL 2953190, at *6 (N.D. Ohio June 25, 2012).
[27] Doc. 29, PageID #: 520, 523.